775 F.2d 457
 11 Soc.Sec.Rep.Ser. 182, Medicare&Medicaid Gu 34,990
CONDADO HOME CARE PROGRAM, INC., Plaintiff, Appellant,
v.
COOPERATIVA DE SEGUROS DE VIDA, Secretary of Health and
Human Services, Defendants, Appellees.
 No. 85-1150.
 United States Court of Appeals,
First Circuit.
 Argued Sept. 12, 1985.
Decided Nov. 1, 1985.
 
 Eduardo Morales Coll, Hato Rey, P.R., for plaintiff, appellant.
 Connie Raffa, Asst. Regional Atty., New York City, with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Terry Coleman, Acting General Counsel, Washington, D.C., and Annette Blum, Regional Atty., New York City, were on brief for defendants, appellees.
 Before COFFIN, ALDRICH and TORRUELLA, Circuit Judges.
 BAILEY ALDRICH, Senior Circuit Judge.
 
 
 1
 This is an appeal from a district court's denial of a petition to review an administrative decision reducing reimbursement to plaintiff Condado Home Care Program, Inc., hereinafter provider, by not recognizing the full amount paid for supplies furnished it by Metropolitan Equipment Sale & Rental, Inc., hereinafter supplier. Full reimbursement was sought pursuant to the Medicare Program, 42 U.S.C. Secs. 1395 et seq., but defendant Secretary of Health and Human Services refused because provider and supplier were "related corporations," and provider had not shown entitlement to the exception provisions, 42 C.F.R. 405.427(d). Specifically, provider failed to show satisfaction of the following portion.
 
 
 2
 ... if the provider demonstrates by convincing evidence to the satisfaction of ... the Health Care Financing Administration ... that a substantial part of [supplier's] business activity of the type carried on with the provider is transacted with others than the provider and organizations related to the supplier....
 
 
 3
 The regulations are spelled out with regard to the meaning of a "substantial" part.
 
 Example of Exceptions
 
 4
 The exception was intended to cover situations where goods and services are supplied to the general public and only incidentally are furnished to related organizations. Provider Reimbursement Manual, HIM Sec. 1010.1. (emphasis suppl.)
 
 
 5
 In respect to this, provider furnished a one sentence statement by supplier's auditors to the effect that two thirds of supplier's business was carried on with others than provider, and a sworn statement of supplier's president that this other business was not with related organizations. Co-defendant Cooperativo de Seguros de Vida, acting as fiscal intermediary pursuant to 42 U.S.C. Sec. 1395h, replied that this was not evidence enough, and that intermediary wished to see supplier's books. To this, provider's counsel responded with a great many words, but no substance. Intermediary stood firm, and on review was supported by a majority decision of the Provider Reimbursement Review Board. It, in turn, was affirmed by the district court. We affirm.
 
 
 6
 Intermediary's position before the Board was that the evidence submitted was unsatisfactory; that, particularly in light of the fact that provider did 90% of its business with supplier, intermediary wished access to supplier's books. The Board agreed, on two grounds. One, it held against provider because provider had failed to solicit bids on the open market, and, two, provider had failed to show that "(2) the Supplier only incidentally did business with the Provider."
 
 
 7
 The dissenting member pointed out that open bidding was not a requirement. In this he was correct.[1] However, he, inexplicably, said that it was enough that provider had shown that supplier's prices were "in line" with open market prices. This was to disregard that a showing of "in line" prices was listed in the regulation as a separate, and additional, requirement. The whole endeavor is to heavily restrict related organizational dealings, because of the many temptations involved. The regulation is, also, designed to simplify administration. The work of comparing individual prices need not be undertaken until it has been shown that supplier's business with provider was only an incidental part of supplier's business. If that has been shown, there must come the further showing that the pricing was "in line;" showing that it was in line is not in itself enough.
 
 
 8
 We would wonder if it would not have to be ruled as a matter of law that 33% is necessarily more than incidental.[2] In any event, intermediary could so conclude. And, quite apart from that, intermediary had a clear right to be unsatisfied, both with the legitimacy of the 33% figure and the assertion that supplier, in fact, did no business with other related organizations. It is not for a provider to decide what evidence is satisfactory; it has a heavy burden of proof. Further, the Board had clear statutory authority to make any modifications in the cost report, even if such matters had not been considered by the intermediary. 42 C.F.R. Sec. 405.1869. The provider had a right to a hearing before the Board, which it chose to waive in this case.
 
 
 9
 After the Board had decided against it, that should have been the end of the matter. An administrative agency such as this presumably makes a final determination, and court review should be the exception. This appeal, and, particularly, the attempt to introduce constitutional issues, is frivolous.
 
 
 10
 Affirmed, with double costs, plus a $2,000 attorney's fee. 28 U.S.C. Sec. 1912; F.R.App.P. 38.[3]
 
 
 
 [1]
 At the same time, to carry on 90% of one's business with a related organization without attempting to deal with others might, unless there are clear standard prices, legitimately raise eyebrows
 
 
 [2]
 The district court badly mispoke when it stated that provider's obligation would be met if "supplier has a significant amount of business with unrelated organizations."
 
 
 [3]
 Judge Torruella concurs in this decision but is of the opinion that the appeal, although meritless, does not justify the imposition of double costs or attorneys fees